**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| SHAWN BAKER, | : | |
| | : | **Civil Action No. 23-3640 (JXN) (JBC)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| | : | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") motion to dismiss Plaintiff Shawn Baker's ("Plaintiff") complaint (ECF No. 1-1) (the "Complaint") filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 4). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331 and 1391(b), respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, Experian's motion to dismiss (ECF No. 4) is **GRANTED**. Plaintiff's claims under 18 U.S.C. § 1028 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "Fair Debt Collection Act") are dismissed with prejudice. Plaintiff's claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "Credit Reporting Act") and the common law claims for defamation and right to privacy are dismissed without prejudice. Plaintiff has 30 days to file an amended complaint that is consistent with this Opinion.

I.        **BACKGROUND AND PROCEDURAL HISTORY**

On June 9, 2023, Experian "was served with a Summons and Complaint filed by Plaintiff" in New Jersey Superior Court, alleging violations of 18 U.S.C. § 1028, the Fair Debt Collection Act, the Credit Reporting Act, and common law claims. (Experian's Notice of Removal (ECF No. 1) (the "Notice of Removal") at 1[1]; Compl. ¶¶ 1, 3-4, 7-8). On July 7, 2023, Experian timely removed this action. (Notice of Removal at 1). On July 28, 2023, Experian filed the instant motion to dismiss. Plaintiff did not oppose, and Experian did not reply. This matter is ripe for consideration.

II.       **LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.      **DISCUSSION**

"While Plaintiff did not file opposition to [Experian's] motion, the Court must address unopposed motions to dismiss a complaint on the merits." *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 182 (D.N.J. 2012) (citation and internal quotations omitted). This is typically

---

[1] The Court refers to the ECF page numbers.

2

true in matters involving *pro se* plaintiffs. *Leong v. Limousine*, No. 16-5541, 2017 WL 3023207, at *1 (D.N.J. July 17, 2017) (citations omitted). "Thus, in considering [Experian's] motion to dismiss[,]" "the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to" Plaintiff. *Cooper*, 912 F. Supp. 2d at 182 (citations omitted). Upon a review of the face of the Complaint, the motion to dismiss is granted.

A. **Plaintiff Fails to State a Claim Under 18 U.S.C. § 1028**

Plaintiff alleges Experian "violated [Plaintiff's] federal[] consumer rights pursuant to 18 U.S.C. § 1028 . . . in connection with [the] identification [of] documents, authentication features, and information." (Compl. ¶ 8). § 1028 "criminalizes the production, possession, and use of false identification documents and document-making equipment." *Anderson v. ZFC Legal Title Tr. I*, No. 16-1499, 2016 WL 7408846, at *4 (D.N.J. Dec. 22, 2016). The statute, however, does not provide a "private right of action . . . ." *Id.* at *4 (citations and internal quotations omitted); *see also Livingstone v. Hugo Boss Store, Atl. City, NJ*, No. 21-1971, 2021 WL 3910149, at *7 (D.N.J. Sept. 1, 2021) (The "federal identity theft statute, 18 U.S.C. § 1028, is a criminal statute without a private cause of action.") (citation omitted). Accordingly, Plaintiff's claims under 18 U.S.C. § 1028 are dismissed with prejudice.

B. **Plaintiff Fails to State a Claim Under the Fair Debt Collection Act**

Experian argues that Plaintiff fails to state a claim under the Fair Debt Collection Act because Experian is not a "debt collector[.]" (ECF No. 4-1 (Experian's "Mem. of Law") at 14-15). The Court agrees.

To state a claim, Plaintiff must allege that: "(1) [he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as" defined, and "(4) the defendant has violated a provision of the [Fair Debt Collection Act] in

3

attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation and internal quotations omitted).  Experian disputes that it is a debt collector, thereby not meeting the second prong.

"Debt collector[s]" are entities "who use[] any instrumentality of interstate commerce . . . who regularly collects or attempts to collect, . . . debts owed or due . . . ." 15 U.S.C. § 1692a(6).  In the motion to dismiss, Experian claims that it is not a "debt collector" but a Consumer Reporting Agency or "CRA" as defined by 15 U.S.C. § 1681a(f). (Mem. of Law at 15).  A CRA is an entity "which, for monetary fees, . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." § 1681a(f).

The Complaint does not allege Experian is a "debt collector." (*See, gen.*, Compl.).  Failure to do so is fatal to Plaintiff's claims. *Compare Mills v. Law Offices of Mitchell D. Bluhm and Assocs.*, No. 23-1072, 2023 WL 7039496, at *3-4 (D.N.J. Oct. 26, 2023); *and Perry v. Equifax Info. Servs., LLC*, No. 23-66, 2023 WL 6579160, at *4 (D.N.J. Oct. 10, 2023).  Moreover, because Experian does not engage in debt collection, Plaintiff's claims under the Fair Debt Collection Act are dismissed with prejudice.

        **C.**      **Plaintiff Fails to State a Claim Under the Credit Reporting Act[2] and the Common Law**

The Credit Reporting Act "imposes on entities involved in the credit reporting process" a "duty to investigate certain disputes submitted by consumers." *Ingram v. Experian Info. Sols., Inc.*, 83 F.4th 231, 237 (3d Cir. 2023) (citation omitted).  Experian, "which compile[s] reports on consumers and make them available to" third parties, is part of the "consumer credit reporting

---

[2] While Plaintiff alleges Experian violated Section "602 A[,]" Plaintiff likely refers to the Public Law citation to the Credit Reporting Act.  Pub. L. No. 91-508, § 602, 84 Stat. 1128 (codified as amended at U.S.C. § 1681).  However, the Court is unable to confirm Plaintiff's citation to "section 604 A Section 2[.]"

4

system . . . ." *Id.* at 237.  A consumer, like Plaintiff, can "challenge the accuracy or completeness of the information in their credit reports" prepared by Experian through "indirect disputes" where "consumer[s] [] dispute[] information with the consumer reporting agency . . . ." *Ibid.* (citing U.S.C. § 1681i(a)(2)(A)).  Upon submitting a dispute, Experian determines whether "the dispute is frivolous or irrelevant," a "threshold matter[,]" and "perform[s] an investigation into the disputed information and update[s] or delete[s] it as necessary."  *Id.* at 237 (citing §§ 1681i(a)(3)(A); 1681i(a)(1)(A)).  Here, analyzing whether Plaintiff disputed Experian's consumer report(s) and/or Experian investigated the same, is not possible.

In support of the claim, Plaintiff alleges he is a "a natural person and a victim of identity theft . . . arising from" Experian's "impermissibly furnished consumer reports."  (Compl. ¶ 1). And that Experian violated Plaintiff's "federal[] consumer rights" regarding the consumer reports Experian allegedly prepared.  (*Id.* ¶ 5).  These facts are insufficient to survive a motion to dismiss. The Complaint does not allege that Plaintiff noticed Experian to "disput[e] the completeness or accuracy of information provided by" Experian.  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (citing §§ 1681i(a)(2); 1681i(a)(1)(A)).  Additionally, the Court does not know what Plaintiff refers to in alleging Experian "did not deal with this situation adequately[,]" and/or how Experian "caus[ed]" Plaintiff "to continuously have trouble in obtaining credit."  (Compl. ¶ 1). Further, Plaintiff does not allege how and when Experian "failed to follow proper rules and procedures in their credit reporting practices" by "failing to take appropriate steps to address" Plaintiff's "disputes regarding the reporting of inaccurate information."  (*Id.* ¶ 2).  Under these facts, the motion to dismiss is granted.  However, this does not end the analysis.

Experian does not state whether it prepared a "consumer report" related to Plaintiff.  § 1681a(d)(1)(A)-(C).  And does not address whether it "furnish[ed] a consumer report" regarding

5

Plaintiff "under the enumerated circumstances and no other." *Raciti v. Rushmore Loan Mgmt. Servs., LLC*, 412 F. Supp. 3d 462, 470 (D.N.J. 2019) (quoting § 1681(b)(a)). As a result, the Court is unable to determine whether Experian is immune from liability. *Cosmas v. Am. Exp. Centurion Bank*, 757 F. Supp. 2d 489, 499 (D.N.J. 2010) (citing § 1681h(e)). Thus, Plaintiff's claims under the Credit Reporting Act are dismissed without prejudice.

Similarly, whether Plaintiff's common law claims for defamation and right to privacy are preempted by § 1681h(e) (*see* Mem. of Law at 12-14), cannot be determined on these facts. Regardless, the claims are insufficiently pled. So, they are also dismissed without prejudice.

## IV.     CONCLUSION

For the reasons set forth above, Experian's motion to dismiss (ECF No. 4) is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: 2/9/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

6